UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RILTON HARRY,

                          Plaintiff,

       -against-

THE CITY OF NEW YORK, P.O. JOSE FERNANDEZ
(SHIELD No. 626), SERGEANT SHARETTE DELISSA
(SHIELD No. 1018), P.O. JESSICA TORRES (SHIELD
No. 1909), and JOHN DOE and JANE DOE,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

20 Civ. 5951 (GBD)

GEORGE B. DANIELS, District Judge:

      Plaintiff Rilton Harry brings this action against The City of New York, Officer Jose

Fernandez, Sergeant Sharette Delisser, and Officer Jessica Torres alleging various violations of

federal and state law stemming from Plaintiff's 2018 arrest and prosecution. (*See generally*,

Amended Complaint ("Am. Compl."), ECF No. 15.) Before this Court is Defendants' motion for

summary judgment pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of Plaintiff's

claims. (ECF No. 51.) Defendants' motion is GRANTED.

## I.    FACTUAL BACKGROUND

      The following facts are undisputed unless otherwise indicated. Shortly before 5:00 p.m.

on May 21, 2018, Urban Outfitters Loss Prevention Officer Michael Cuzco called 9-1-1 to report

a larceny in progress. (Pl.'s Counterstatement to Defs.' Statement of Undisputed Facts ("Pl.'s

Counterstatement"), ECF No. 60 ¶ 1.) Cuzco reported that a group of five males and one female

had entered the Urban Outfitters located at 162 Second Avenue in Manhattan's Upper East Side,

"stole merchandise," and "fled" in the direction of "1 Ave." (*Id.* ¶ 2.) Cuzco provided descriptions

of these individuals, whom he referred to as "perps," one of whom he identified as "a tall black

male wearing a white/blue sweater with an H&M bag." (*Id.* ¶¶ 3–4.) Dispatch provided Cuzco's

information to nearby police officers, including to Defendants Fernandez and Delisser. (*Id.* ¶¶ 6–7.) As Delisser and Fernandez canvassed the area, they observed Plaintiff, a black male, approximately 6 foot 3 inches tall, wearing a white and blue sweater and holding an H&M bag. (*Id.* ¶ 9.) After matching Cuzco's description to Plaintiff, Delisser stopped Plaintiff and asked Defendant Torres to bring Cuzco to her location to conduct a show-up. (*Id.* ¶ 15.) When Cuzco arrived, he identified Plaintiff as one of the individuals he believed was part of the group that had stolen merchandise. (*Id.* ¶ 17.) Plaintiff was arrested.[1]

On May 21, 2018, Fernandez executed a criminal complaint against Plaintiff. (Defs.' Ex. J, ECF No. 52–10.) The complaint stated that Cuzco had observed Plaintiff and other individuals remove items from a display at Urban Outfitters, place the items in an H&M bag, and leave without paying. (*Id.*) On June 9, 2018, Cuzco signed a supporting deposition attesting that he had read the complaint and "that the facts therein stated to be on information furnished by [him] are true upon [his] personal knowledge." (Defs.' Ex. K, ECF No. 52–11.) The criminal charges against Plaintiff were later dismissed and sealed on February 6, 2019. (Defs.' Ex. L, 52–12.)

## II.    LEGAL STANDARD

Summary judgment is appropriate only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is material when it "might affect the outcome of the suit under the governing law," and a dispute of fact is genuine "if the evidence is such that a jury could return a verdict for the nonmoving party." *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002).

---

[1] Defendants aver that Plaintiff was only arrested after Cuzco's identification, (Defs.' Statement of Undisputed Facts, ECF No. 53 ¶ 19), while Plaintiff contends that his arrest occurred prior to the identification, (Pl.'s Counterstatement ¶ 19). The parties' factual dispute surrounding the timing of Plaintiff's arrest is irrelevant to this Court's determination on the instant motion.

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). Once the moving party has met its burden, the onus shifts to the nonmoving party to raise a genuine dispute of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, the opposing party must produce evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he mere existence of a scintilla of evidence supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (citation omitted). In determining whether a genuine issue of material fact exists, a court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *Id.*

## III.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON ALL CLAIMS

The Amended Complaint brings fourteen causes of action under federal and state law for alleged constitutional and tort injuries resulting from Plaintiff's arrest on May 21, 2018 and subsequent prosecution. Summary judgment is granted for Defendants on all claims.

### A.   Federal and State False Arrest

Whether pursuant to Section 1983 or state law, a claim for false arrest stems from an individual's right to remain free from unreasonable seizures, including arrest absent probable cause. *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006). Plaintiff's false arrest claims, therefore,

succeed or fail depending on the presence of probable cause. *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983."). Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (citation omitted). Its existence "depends upon the reasonable objective conclusion to be drawn from the facts known to the arresting officer and those working with him or her at the time of the arrest." *Bailey v. City of New York*, 79 F. Supp. 3d 424, 444 (E.D.N.Y. 2015) (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)). It is well-established that probable cause exists for arrests based on credible information from putative victims or eyewitnesses. *See e.g., Singer v. Fulton Cnty. Sheriff, et al.*, 63 F.3d 110, 119 (2d Cir. 1995); *Fabrikant v. French*, 691 F.3d 193, 216 (2d Cir. 2012) ("A law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness...").

There is no genuine dispute that Defendants here had probable cause to arrest Plaintiff. The parties agree that, on the day in question, Cuzco phoned 9-1-1 to report that a group of individuals entered Urban Outfitters, "stole merchandise," and fled "towards 1 Ave." (Pl.'s Counterstatement ¶¶ 1–3.) The parties also agree that Cuzco provided the 9-1-1 dispatcher with very specific descriptions of the individuals who were part of the alleged group of shoplifters, including a black male, six foot three inches tall, wearing a white and blue sweater and carrying an H&M bag. (*Id.* ¶ 3.) Nor is there any dispute that Plaintiff perfectly matched this description and that he was in the vicinity of the Urban Outfitters—near First Avenue—at the time Defendants

4

spotted him. Based on Plaintiff's proximity to the area towards which the shoplifters ran, shortly after Cuzco's 9-1-1 call, and his match to Cuzco's fairly specific description, a reasonable officer could conclude that Plaintiff was the person described. *See e.g., Hargroves v. City of N.Y.*, 411 Fed. App'x. 378, 385 (2d Cir. 2011) (concluding that officer acted reasonably in arresting plaintiffs based on "totality of the circumstances," including factors such as the plaintiffs' "temporal and geographic proximity to the crime scene," and because one plaintiff's jacket "matched the description provided by [the victim], even if the description of [the] jacket was not precisely accurate"); *Ashley v. City of New York*, 992 F.3d 128, 138 (2d Cir. 2021) (finding probable cause where officers arrested individual based on his match to an informant's physical description).

In his opposition to Defendants' motion and at oral argument, Plaintiff's counsel insisted that Cuzco "merely identified the plaintiff as an individual who was simply present at the store" as opposed to explicitly stating that he shoplifted, (Pl.'s Opp. to Mot. for Summ. J. ("Opp."), ECF No. 61, at 5), and that Defendants therefore lacked probable cause to effectuate his arrest. Plaintiff's argument is disingenuous. The only reasonable inference to be drawn from Cuzco's 9-1-1 call is that Cuzco had reason to believe that Plaintiff was part of the shoplifting group of individuals; Plaintiff's suggestion that Cuzco would call 9-1-1 to report a crime in progress and, in the course of doing so, provide descriptions of people he did not think were involved in the crime is an unusual parsing of facts. No one calls 9-1-1 to report individuals uninvolved in a crime. In any event, the evidence Plaintiff relies upon does not support his argument. To the contrary, Cuzco's deposition testimony shows that Cuzco did in fact identify Plaintiff as someone who was with "the group" of individuals Cuzco observed shoplifting. (Pl.'s Ex. 9, Cuzco Dep. 94:4–5, ECF No. 58–9.) Plaintiff's insistence that he "wasn't with any group or individual," that Cuzco "wrongly assumed" he was, and that, at the time of his deposition, Cuzco could not remember

5

whether he saw Plaintiff pick up any merchandise, (Opp. at 5), is misplaced.  The relevant question to the probable cause analysis is not whether Plaintiff was actually the shoplifter or even whether Cuzco believed that he was, but, rather, whether Plaintiff has identified a genuine dispute of fact as to whether Defendants were told that he was.  Plaintiff has not done so here.

Thus, this Court finds no genuine dispute regarding whether Defendants acted with probable cause to effect Plaintiff's arrest.  Summary judgment is therefore granted to Defendants on Plaintiff's First and Tenth Causes of Action.

## B.    Federal and State Malicious Prosecution

Plaintiff's Second and Eleventh Causes of Action are for federal and state malicious prosecution.  "In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment[] and establish the elements of a malicious prosecution claim under state law."  *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002) (citations omitted).  To establish a malicious prosecution claim under New York law, a plaintiff is "required to show the following: (1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice, and (4) the matter terminated in plaintiff's favor."  *Rentas v. Ruffin*, 816 F.3d 214, 220 (2d Cir. 2016) (quotation omitted).  Because claims of malicious prosecution brought under Section 1983 are substantially the same as those brought under state law, *see Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018), Plaintiff's federal malicious prosecution claim is coterminous with his state claim and they can be analyzed together.

Here, Plaintiff cannot establish a triable issue as to the second element: probable cause.  Probable cause for malicious prosecution purposes is assessed "in light of facts known or reasonably believed at the time the prosecution was initiated as opposed to at the time of arrest."

*Drummond v. Castro*, 522 F. Supp. 2d 667, 677 (S.D.N.Y. 2007) (citation omitted). If there was probable cause to arrest, however, a plaintiff can only show a lack of probable cause to prosecute if he can point to facts that emerged following the arrest showing that the charges were groundless. *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) ("In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact."); *Johnson v. Constantellis*, 221 Fed. App'x. 48, 50 (2d Cir. 2007) ("If probable cause existed at the time of arrest, it continues to exist at the time of prosecution unless undermined 'by the discovery of some intervening fact.'") (quoting *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003)). There is no evidence that Defendants became aware of any such information following Plaintiff's arrest. To the contrary, the events that unfolded between Plaintiff's arrest and prosecution bolster the decision to prosecute. First, at or near the time of Plaintiff's arrest, Cuzco positively identified Plaintiff as one of the shoplifters. (Pl.'s Counterstatement. ¶ 17.) Second, subsequent to making this identification, Cuzco signed a supporting deposition verifying that Plaintiff's criminal complaint—which stated that Cuzco observed Plaintiff and other individuals remove items from a display at Urban Outfitters, place the items in an H&M bag, and leave the store without paying—was based on information that was "furnished by [him]" and was "true upon [his] personal knowledge."[2] (Defs.' Ex. K, ECF No. 52–11; Defs.' Ex. J, ECF No. 52–10.) This record clearly supports Defendants' prosecution of Plaintiff. *See, e.g., Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("We have previously held that police officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime

---

[2] Plaintiff argues that the complaint was based on "fabricated evidence" because Cuzco testified that he did not review the complaint or sign the supporting declaration. (Pl.'s Counterstatement ¶¶ 24–26; Opp. at 12.)) A review of the transcript shows otherwise. While Cuzco could not specifically recall reviewing the criminal complaint or signed the supporting deposition, he never denied doing either and nevertheless believed the signature on the deposition to be his. (Pl.'s Ex. 9, Cuzco Dep. 78–90:1–13, ECF No. 58–9.)

has been committed."); *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("When information is received from a putative victim or an eyewitness, probable cause exists.").

Separately, Plaintiff fails to raise a triable issue as to the third element of a malicious prosecution claim, malice, which requires showing "a wrong or improper motive, something other than a desire to see the ends of justice served." *Fulton*, 289 F.3d at 198; *see also Lowth*, 82 F.3d at 573. Plaintiff argues that malice may be inferred because Plaintiff was prosecuted without probable cause. (Opp. at 13.) Because this Court finds that probable cause did exist, Plaintiff's failure to furnish any evidence of malice is independent grounds for granting summary judgment to Defendants on Plaintiff's Second and Eleventh Causes of Action.

## C.    Fair Trial and Fabrication of Evidence

To prevail on a fair trial claim based on fabrication of evidence, a plaintiff must prove that "(1) [an] investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012). Plaintiff alleges that Defendants fabricated evidence that Plaintiff "was identified by Cuzco as the perpetrator of the reported crime(s)," and that he was "in possession of H&M bags lined with aluminum foil." (Opp. at 14–15.) Plaintiff also claims that Defendants lied to prosecutors by informing them that none of the stolen items were recovered. (*Id.* at 15.) Plaintiff's argument that Cuzco identified him only as present at the store and not as a perpetrator of the crime is rejected for the reasons noted above, *see supra* Section A, and his claim that Defendants did not inform prosecutors that merchandise was returned is outright false, (*see* Pl.'s Ex. 21, ECF No. 58–21, at 1 (prosecutor's datasheet stating, "[Plaintiff] attempted to grab Kappa, manager got some of it back").) Finally, Plaintiff has provided no evidence that his H&M bag was not lined with

aluminum foil. Summary judgment in favor of Defendants is therefore warranted for Plaintiff's Third Cause of Action.[3]

## D.   Unreasonable Search and Seizure and Unlawful Stop and Frisk

Plaintiff also raises a claim for unlawful stop and frisk and unreasonable search and seizure. Generally, Officers may conduct reasonable searches incident to lawful arrests. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009). Therefore, to the extent that there was probable cause to support Plaintiff's arrest—which there was, *see supra* Section A—any reasonable searches incident thereto were also lawful. *See e.g., Guerrero v. City of New York*, No. 12 Civ. 2916, 2013 WL 673872, at *4 n.3 (S.D.N.Y. Feb. 25, 2013) ("In addition, to the extent that Guerrero is basing his § 1983 claim on an allegedly unreasonable search ... this claim fails as well, because a search incident to a lawful arrest is *per se* reasonable."); *Moore v. Hearle*, 639 F. Supp. 2d 352, 356 (S.D.N.Y. 2009) ("Generally, officers are justified in conducting searches incident to a lawful arrest"); *Walker v. City of New York*, No. 15 Civ. 500, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017) ("Because there was probable cause for plaintiff's arrest, the search of his person was lawful."). Defendants' motion for summary is therefore granted as to Plaintiff's Fourth Cause of Action.

## E.   Excessive Force, Conspiracy, and Battery

Plaintiff also brings claims for excessive force (principally arguing that the handcuffs placed on his wrists were too tight), for conspiracy, and for battery. Plaintiff failed to oppose Defendants' motion on any of these claims. Plaintiff's Fifth, Seventh, and Twelfth Causes of Action are thus deemed abandoned and are dismissed. *Camarda v. Selover*, 673 F. App'x 26, 30 (2d Cir. 2016) ("Where, as here, a counseled non-moving party submits "a partial response arguing that summary judgment should be denied as to some claims while not mentioning others," that

---

[3] This Court notes also that Plaintiff failed to identify any fabricated evidence in his Amended Complaint. Dismissal is therefore warranted for the additional reason that this cause of action was not sufficiently pled.

response "may be deemed an abandonment of the unmentioned claims.") (quoting *Jackson v. Federal Express*, 766 F.3d 189, 195 (2d Cir. 2014)); *see also Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021).

## F. Failure-to-Intervene and *Monell*

Plaintiff's Sixth Cause of Action is against the Defendant Officers for failure-to-intervene and his Eighth Cause of Action is for *Monell* liability based on a failure-to-train theory. Because Plaintiff has failed to establish any underlying constitutional violation, neither of these claims can stand. *Wieder v. City of New York*, 569 F. App'x 28, 30 (2d Cir. 2014) (affirming dismissal of failure to intervene claim where underlying constitutional claims were properly dismissed); *Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006) (*Monell* does not provide an independent claim; rather, "it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation"). Summary judgment is therefore granted as to Plaintiff's Sixth and Eighth Causes of Action.

## F. New York State Constitution Claims

Plaintiff's Ninth Cause of Action alleges violations of Article I, §§ 5 (prohibiting cruel and unusual punishment), 6 (providing for due process), 8 (guaranteeing freedom of speech), 11 (prohibiting discrimination in civil rights and providing for equal protection of the law) and 12 (prohibiting unreasonable searches and seizures) under the New York State Constitution. Defendants argue that Plaintiff's claims should be dismissed because New York courts recognize a private right of action for state constitutional torts only where no alternative remedy is available.[4] (Defs.' Mem. of Law in Supp. of Mot. for Summ. J. ("Mot."), ECF No. 54, at 35.) Because

---

[4] In the alternative, Defendants argue that Plaintiff's state law claims are time-barred. (Mot. at 33.) A three-year statute of limitations applies to Plaintiff's state constitutional claims. *Gonzalez v. Bronx Cty. Hall of Justice Court Officer Mark Hirschman Shield*, 7421, 2016 WL 354913, at *3 (S.D.N.Y. Jan. 28, 2016). Because Plaintiff initiated suit less than three years after his 2018 arrest, Plaintiff's claims are timely.

Plaintiff may maintain his claims under Section 1983, Defendants argue, he may not also do so under the New York State Constitution. (*Id.*)

Like the New York State Constitution, the United States Constitution prohibits cruel and unusual punishment, discrimination, and unreasonable searches and seizures, and provides for due process, freedom of speech and equal protection of the law. Defendants are generally correct that federal courts in this circuit have held that no private right of action exists for violations of the New York State Constitution where the plaintiff has an alternative remedy under Section 1983 for violations of parallel provisions of the U.S. Constitution. *See, e.g., Allen v. Antal*, 665 Fed. App'x. 9, 13 (2d Cir. 2016). Plaintiff's State constitutional claims against the Defendant Officers are therefore dismissed.

The same does not hold for Plaintiff's claims against the Defendant City of New York, however. Plaintiff asserts state constitutional claims against the City under a theory of *respondeat superior*. Because Section 1983 does not authorize *respondeat-superior* liability, *see Monell v. Department of Social Services*, 436 U.S. 658, 691–95 (1978), it cannot provide an adequate alternative remedy for Plaintiff's State constitutional claims to the extent they are asserted against the City. *Brown v. State*, 89 N.Y.2d 172, 194 (N.Y. 1996) ("A plaintiff seeking to recover on the basis of respondeat superior simply does not come within the terms of section 1983."). These claims must therefore be analyzed on the merits.

Viewing the facts in the light most favorable to Plaintiff, Plaintiff's state constitutional claims cannot stand against the City. Plaintiff's state unreasonable search and seizure claim is dismissed for the reasons noted above, *supra* Section D. Plaintiff's remaining claims are improperly pled. A review of the Amended Complaint, the parties' statements of undisputed material facts, and the briefing reveals no facts—alleged or established—suggesting that Plaintiff's

rights to free speech, equal protection of the law, or due process were violated. There are likewise no facts identifying either the cruel and unusual punishment Plaintiff purports to have received, or any discrimination he says he suffered. Plaintiff's Ninth Cause of Action for various state constitutional violations is therefore dismissed in its entirety.

## G.    Negligent Infliction of Emotional Distress Claim

Plaintiff also brings a claim for negligent infliction of emotional distress. Defendants argues that Plaintiff's claim must fail because the underlying conduct fits within the ambit of Plaintiff's false arrest and malicious prosecution claims. (Mot. at 25.) Defendants are correct. It is well-established that New York does not recognize a claim for negligence arising out of an arrest or prosecution. *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994) ("Under New York law, a plaintiff may not recover under general negligence principles for a claim that law enforcement officers failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution.") Thus, to the extent that a claim for negligent infliction of emotional distress is based upon injury incident to arrest or prosecution, a plaintiff must rely on the traditional tort theories of false arrest and malicious prosecution. *Jenkins v. City of New York*, No. 91 Civ. 3639, 1992 WL 147647, at *8 (S.D.N.Y. Jun.15, 1992) ("Plaintiffs cannot circumvent the well-established requirements of the false arrest and malicious prosecution causes of action by inventing new theories of negligence."); *Crews v. Cty. of Nassau*, 996 F. Supp. 2d 186, 214 (E.D.N.Y. 2014) (granting summary judgment because "a claim for [NIED] should be dismissed where the conduct for the underlying claim may be redressed by way of traditional tort remedies") (citation omitted). Because Plaintiff's emotional distress claim is rooted in the same facts as his false arrest and malicious prosecution claims, Plaintiff's claim for negligent infliction of emotional distress fails. Defendants are entitled to summary judgment on Plaintiff's Thirteenth Cause of Action.

12

**F.     Negligent Hiring and Retention**

Plaintiff's Fourteenth Cause of Action asserts that the City should be liable for their failures to adequately train their employees. A claim of negligent hiring and retention cannot be sustained, however, when an employee acts within the scope of his or her employment. *See, e.g., Karoon v. New York City Transit Auth.*, 241 A.D.2d 323, 324 (1st Dep't 1997). This Court finds that the undisputed facts show that the Defendant Officers were all acting well within the scope of their employment in effecting Plaintiff's arrest and prosecution. Plaintiff has not claimed, let alone demonstrated, otherwise. Accordingly, the City is entitled to summary judgment on Plaintiff's negligent hiring claim.

## IV.     CONCLUSION

Defendants' motion for summary judgment, (ECF No. 51), is GRANTED and this action is dismissed.

The Clerk of Court is directed to close the motion and to close this action accordingly.

Dated: December 15, 2022
New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

13